**Motion Granted; Abatement Order filed March 2, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00982-CR
_____

### CITY OF HOUSTON, Appellant

### V.

### G.L., Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1435565**

---

## ABATEMENT ORDER

This is an attempted appeal of a summary judgment signed May 5, 2016. On February 16, 2015, the trial court signed an expunction order that appellant alleges is too broad. Appellant's attempt to obtain review of this order resulted in the summary judgment made the subject of this appeal.

On December 8, 2016, the Harris County District Clerk filed a clerk's record in this appeal. The record contained appellant's notice of appeal and the District

Clerk's letter of assignment. The record does not contain any of the items required by Texas Rule of Appellate Procedure 34.5 other than the notice of appeal. On December 15, 2016, this court issued an order to the District Clerk requesting the items required by Texas Rule of Appellate Procedure 34.5.

On January 17, 2017, the District Clerk filed a supplemental clerk's record with an affidavit from the supervisor of Criminal Post-Trial Services of the Harris County District Clerk's office. The affidavit stated that none of the documents required by Rule 34.5 were part of the case file.

Appellant subsequently filed a motion to abate this appeal until June 15, 2017, to permit appellant time to assist the District Clerk in providing this record. The motion to abate is granted.

Rule 34.5(e) of the Texas Rules of Appellate Procedure provides:

> If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Tex. R. App. P. 34.5(e).

Accordingly, the trial court is directed to conduct a hearing to determine whether the parties may, by written stipulation, deliver copies of the missing items to the trial court clerk for inclusion in the clerk's record. If the parties cannot agree, the trial court is directed to determine what constitutes accurate copies of the missing items and order those items to be included in the clerk's record or a supplement. The court is directed to reduce its findings to writing and to have a supplemental clerk's

record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the hearing date.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Wise.